170 So. 547

### FOLEY v. ARMSTRONG.

### I Div. 206.

Court of Appeals of Alabama.

May 26, 1936.

Rehearing Denied June 9, 1936.

J. G. Bowen, of Mobile, for petitioner.

G. B. Dunning, of Mobile, for respondent.

SAMFORD, Judge.

Petition in this case is for a common-law certiorari to review the action of the circuit court of Mobile county in a cause therein, wherein petitioner sought by a writ of common-law certiorari to review the findings of the inferior court of Mobile county, in a cause therein, wherein F. E. Armstrong, as plaintiff, obtained a judgment against petitioner, and to quash the proceedings in the inferior civil court on the ground, variously stated, that the act creating the inferior civil court of Mobile is void, in that the same was passed in violation of the Constitution of 1901. See Local Acts 1911, p. 274.

Upon a return being made to the preliminary writ issued by this court and directed to the circuit court of Mobile county, it appears from said return that the proceedings in the circuit court were in all things regular, and presenting for decision here the one question of the constitutionality of the act of the Legislature of 1911, supra, creating the inferior civil court, in which the suit originated and in which judgment was rendered against petitioner.

Without passing separately upon each objection raised by the petitioner to the validity of the bill, we think that every material question respecting the validity of the act creating the inferior court is settled adversely to petitioner's contentions in State ex rel. Clarke v. Carter, 174 Ala. 266, 56 So. 974.

The act creating the inferior civil court of Mobile being valid and it having had jurisdiction both of the subject matter and the parties, and the proceedings appearing to be regular on their face, the circuit

court committed no error in denying petitioner's writ and granting plaintiff's motion remanding the cause, with procedendo, to the trial court.

Motion is here made to affirm this case because of a failure on the part of petitioner to comply with Supreme Court rule 13 by serving copy of brief on respondent before submission. It is, however, unnecessary to pass upon that motion, and decision thereon is reserved.

The judgment of the circuit court is affirmed; writ denied.

Affirmed; writ denied.